Matter of Kelliher (2022 NY Slip Op 01789)





Matter of Kelliher


2022 NY Slip Op 01789


Decided on March 16, 2022


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2020-07998

[*1]In the Matter of Thomas Dixon Kelliher, Jr., an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Thomas Dixon Kelliher, Jr., respondent. (Attorney Registration No. 3903952.)



DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The Grievance Committee commenced a disciplinary proceeding pursuant to 22 NYCRR 1240.8 against the respondent by the service and filing of a notice of petition and a verified petition, both dated October 22, 2020, and the respondent served and filed a verified answer dated November 11, 2020. Subsequently, the Grievance Committee and the respondent each submitted a statement of disputed and undisputed facts dated November 19, 2020, and November 25, 2020, respectively. By decision and order on application of this Court dated December 29, 2020, the matter was referred to John J. Halloran, Jr., as Special Referee, to hear and report. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on January 10, 2001.



Catherine A. Sheridan, Hauppauge, NY (Michele Filosa of counsel), for petitioner.
Foley Griffin, LLP, Garden City, NY (Thomas J. Foley and Chris McDonough), for respondent.



PER CURIAM.


OPINION & ORDER
The Grievance Committee for the Tenth Judicial District served the respondent with a verified petition dated October 22, 2020, containing six charges of professional misconduct. The respondent denied the allegations in his verified answer dated November 11, 2020. On January 20, 2021, the respondent filed an amended verified answer in which he admitted the factual allegations in the verified petition but denied the legal conclusions. Following a prehearing conference held on January 21, 2021, and a hearing conducted on February 23, 2021, the Special Referee filed a report dated April 9, 2021, in which he sustained all charges. The Grievance Committee now moves to confirm the Special Referee's report, and to impose such discipline as the Court deems just and proper. In an affirmation in response dated May 12, 2021, the respondent's counsel states, inter alia, that in view of the totality of circumstances, the appropriate sanction is a public censure.
The Petition
Charge one alleges that the respondent misappropriated funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
The respondent maintained an attorney trust account at Capital One Bank ending in 8018 entitled "McCulloh & Kelliher, PLLC/IOLA account" (hereinafter the IOLA account).
In or about 2015, the respondent represented John Pavone with regard to the sale of a liquor store. On or about September 26, 2015, and December 5, 2015, the respondent deposited the down payment and proceeds of the sale, in the sum of $10,000 and $70,000, respectively, into the IOLA account. On or about December 1, 2016, the respondent issued check no. 1076 for $2,000 to Pavone from the IOLA account.
Between on or about December 8, 2015, and on or about December 1, 2016, the respondent was required to safeguard at least $2,000 in the IOLA account on behalf of Pavone. On the following dates, the balance in the IOLA account fell below $2,000: On September 28, 2016, the account balance was $1,935.87, and on October 31, 2016, the account balance was $519.78.
Charge two alleges that the respondent misappropriated funds entrusted to him as a fiduciary, incident to his practice of law, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
In addition to the IOLA account, the respondent maintained a business operating account at Capital One Bank ending in 4362 (hereinafter the operating account).
In or about July 2016, the respondent represented William Arthur with regard to the sale of real property (hereinafter the Arthur transaction). On July 15, 2016, the purchaser's down payment of $62,500 in connection with the Arthur transaction was deposited into the IOLA account. The closing in the Arthur transaction was held on February 16, 2017.
Between July 15, 2016, and February 16, 2017, the respondent was required to maintain $62,500 in the IOLA account in connection with the Arthur transaction. Between July 15, 2016, and February 16, 2017, the respondent transferred funds from the IOLA account to the operating account, which were drawn in part, against funds entrusted to the respondent in connection with the Arthur transaction. The respondent then used those funds for his own use and benefit. Between July 15, 2016, and February 16, 2017, the balance in the IOLA account fell below $62,500, including as follows:
DateBalance
9/23/16 $3,435.87
10/21/16 $1,220.78
11/23/16$1,018.78
12/2/16 $268.78.
Charge three alleges that the respondent misused his special account by depositing personal funds into the IOLA account, in violation of rule 1.15(b) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
Between June 2016 and January 2017, the respondent represented an estate in connection with a building located on Larkfield Road in Northport. Between June 2016 and January 2017, the respondent deposited into the IOLA account earned legal fees received in connection with his representation of the estate.
Charge four alleges that the respondent commingled funds entrusted to him as a fiduciary, incident to his practice of law, with personal funds, in violation of rule 1.15(a) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
Between June 1, 2016, and January 31, 2017, the respondent maintained earned legal fees in the IOLA account at times when funds entrusted to him as a fiduciary were also maintained in the account.
Charge five alleges that the respondent failed to maintain a contemporaneous ledger, in violation of rule 1.15(d)(2) of the Rules of Professional Conduct (22 NYCRR 1200.0), as follows:
Between June 2016 and January 2017, the respondent failed to make accurate entries of all financial transactions of receipts and disbursements for the IOLA account in a ledger book or similar record at or near the time of the event recorded.
Charge six alleges that, based on the factual allegations contained in charges one through five, the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of rule 8.4(h) of the Rules of Professional Conduct (22 NYCRR 1200.0).
Findings and Conclusion
In view of the respondent's admissions and the evidence adduced, we find that the Special Referee properly sustained all the charges. The Grievance Committee's motion to confirm the report of the Special Referee is therefore granted.
In determining an appropriate measure of discipline to impose, we have considered, in mitigation, the personal and family issues the respondent was experiencing at the time of the [*2]misconduct and his diagnosis of anxiety disorder, inter alia, for which he sought treatment; that all clients were made whole; the remedial measures implemented; his cooperation with the Grievance Committee's investigation; his expressed remorse; the evidence of his good character; and his community and church activities. Notwithstanding these mitigating factors, the record confirms that the respondent's misconduct was not an isolated incident and involved, among other things, his misappropriation of fiduciary funds for his own use and benefit, the misuse of the IOLA account by depositing and commingling personal funds, and his failure to maintain a contemporaneous ledger. We have also considered that the respondent's disciplinary record is not unblemished. While the prior discipline imposed is remote, he has received a Letter of Caution.
Under the totality of the circumstances, we conclude that the respondent's conduct warrants his suspension from the practice of law for a period of two years (see Matter of Weiss, 157 AD3d 87).
LASALLE, P.J., DILLON, DUFFY, BARROS and CONNOLLY, JJ., concur.
ORDERED that the Grievance Committee's motion to confirm the Special Referee's report is granted; and it is further,
ORDERED that the respondent, Thomas Dixon Kelliher, Jr., is suspended from the practice of law for a period of two years, commencing April 18, 2022, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than October 18, 2023. In such application (see 22 NYCRR 1240.16), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11(a), and (4) otherwise properly conducted himself; and it is further,
ORDERED that the respondent, Thomas Dixon Kelliher, Jr., shall promptly comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of this Court, the respondent, Thomas Dixon Kelliher, Jr., shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Thomas Dixon Kelliher, Jr., has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court